IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FULLMAN | ) | |
| | ) | No. 10-1536 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| P/O RASHEEN DICKINSON #6434, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
AUG 2 3 2018
KATE BARKMAN, Clerk
By _____ Dep. Clerk

## POST-TRIAL MOTION

Plaintiff Andrew Fullman, Pro Se., respectfully submits this Post-Trial Motion with respect to his civil trial which begun on August 14, 2018 and ended on August 16, 2018 with a verdict in favor of the Defendants. Plaintiff submits the following:

A. DID THE TRIAL JUDGE ERR AND ABUSE HIS DISCRETION IN GIVING THE JURY INCOMPLETE INSTRUCTIONS REGARDING IMPEACHING PLAINTIFF'S DEPOSITION WHILE FAILING TO INSTRUCT JURY REGARDING IMPEACHING THE FEMALE PHILADELPHIA POLICE OFFICER'S TESTIMONY?

B. DID THE TRIAL JUDGE ERR IN OVERLOOKING THE CLEAR PERJURY COMMITTED BY THE FEMALE PHILADELPHIA POLICE OFFICER DURING PLAINTIFF'S CIVIL TRIAL?

C. DID THE TRIAL JUDGE ERR AND ABUSE HIS DISCRETION IN REFUSING PLAINTIFF'S SUPPORTING MEDICAL EVIDENCE RELATING TO THE ORIGIN OF HIS LEFT SHOULDER INJURY?

D. WAS TRIAL JUDGE BIAS TOWARDS PLAINTIFF DURING THE TRIAL BECAUSE OF PLAINTIFF'S PRIOR LAWSUITS AND NEW PENDING LAWSUIT?

E. DID THE TRIAL JUDGE ERR IN FAILING TO ADDRESS ANY INEFFECTIVENESS ASSISTANCE OF COUNSEL RELATING TO PLAINTIFF'S TRIAL COUNSEL?

## ARGUMENT

A. DID THE TRIAL JUDGE ERR AND ABUSE HIS DISCRETION IN GIVING THE JURY INCOMPLETE INSTRUCTIONS REGARDING IMPEACHING PLAINTIFF'S DEPOSITIOIN WHILE FAILING TO INSTRUCT JURY REGARDING IMPEACHING THE FEMALE PHILADELPHIA POLICE OFFICER'S TESTIMONY?

Plaintiff avers the trial judge erred in giving the jury clear instructions with respect to impeaching Plaintiff's deposition testimony regarding some things he had trouble remembering clearly.

1

However, the trial judge failed to mention or instruct the jury regarding impeaching the female Philadelphia police officer for knowingly committing perjury during her testimony under oath.

The trial may have had a different outcome had the trial judge given clear instructions regarding impeaching a police officer's testimony who had openly and knowingly committed perjury.

### B. DID THE TRIAL JUDGE ERR IN OVERLOOKING THE CLEAR PERJURY COMMITTED BY THE FEMALE PHILADLEPHIA POLICE OFFICER DURING PLAINTIFF'S CIVIL TRIAL?

The said female Philadelphia police officer (hereinafter, "female officer") knowingly testified at the civil trial that Plaintiff called her a "blue eye devil and a white bitch" even though she never approached the Plaintiff's car. However, Officer Rasheen Dickinson testified at the trial that Plaintiff only called him a "blue eye devil." Which police officer was testifying truthfully? The female officer, who was in her patrol car during the entire ordeal, further testified that her partner, who is a white police officer, opened Plaintiff's car door to see how many people were in his alleged heavily tinted car on 47th and Chestnut Street, Philadelphia, PA after a brief car chase which was perjury. There was never a car chase on April 3, 2008 as testified by the female officer. In addition, the said traffic stop happened directly around the corner from Plaintiff's apartment on 51st and Chestnut Street, not 47th & Chestnut as falsely testified by the female officer which confused the jury. A reasonable person would have comprehended that the female officer was referring to Officer Dickinson being her partner when she testified that her partner opened the Plaintiff's car door. Officer Dickinson, a black police officer, initially testified that he opened Plaintiff's car door which happened after Plaintiff asked to sit in his patrol car to stay warm. How many officers opened Plaintiff's car door to see how many people were in the car?

The female officer was allowed to commit more perjury when she falsely testified that it is the policy of the Philadelphia Police Department to record the street address on citations where a crime or car chase started which was allegedly why 51st & Chestnut Street was recorded on the said citation. This was clear perjury which was not challenged by Plaintiff's trial counsel or trial judge. Plaintiff was stopped on 51st & Chestnut Streets exactly as it was recorded on Plaintiff's citation for alleged illegal window tint. The traffic stop was also captured on surveillance video. For the female officer to tell the jury that the Philadelphia Police Department has a policy that requires police officers to record the location on a citation when an alleged crime or car chase begun is not only false, but confusing to a reasonable person such as a jury. The female officer should be charged with perjury for knowingly lying to a jury. It can be stipulated that the Philadelphia Police Department does not have such a policy as testified and describe by the female officer.

**C.     DID THE TRIAL JUDGE ERR AND ABUSE HIS DISCRETION IN REFUSING PLAINTIFF'S SUPPORTING MEDICAL EVIDENCE RELATING TO THE ORIGIN OF HIS LEFT SHOULDER INJURY.**

The trial judge erred and abused his discretion by refusing any supporting medical evidence from Plaintiff's treating orthopaedic surgeon demonstrating that in his professional medical opinion, Plaintiff's left shoulder injury resulted from the police altercation on April 3, 2008. The trial was unbalanced because Plaintiff could not afford an expert to testify. Defense had an expert who also testified that Plaintiff's orthopaedic surgeon stated that his left shoulder injury was the result of his altercation with a police officer on April 3, 2008. The medical evidence also demonstrated that Plaintiff had never complained of left shoulder pain prior to the April 3, 2008 personal injury by Dickinson.

**D.     WAS TRIAL JUDGE BIAS TOWARDS PLAINTIFF DURING THE TRIAL BECAUSE OF PLAINTIFF'S PRIOR LAWSUITS AND NEW PENDING LAWSUIT?**

Plaintiff avers that the Court was bias towards him because of his prior lawsuits and his newly filed lawsuit. It was bias for the trial judge to refuse supporting medical evidence by a medical professional. It was further bias for the trial judge to overlook perjury by the female officer. It was even further bias for the trial judge to tell the jury to excuse Plaintiff for an emergency as he had to attend his friend funeral. The trial judge refused to ask the jury to come two (2) hours late so Plaintiff could be there for his entire trial.

**E.     DID THE TRIAL JUDGE ERR IN FAILING TO ADDRESS THE INEFFECTIVENESS OF PLAINTIFF'S TRIAL COUNSEL?**

Plaintiff avers that the trial judge erred in overlooking and allowing his trial counsel to be ineffective by failing to notice and/or inform the jury that the female officer knowingly committed perjury numerous times during her testimony under oath. In addition, trial counsel failed to impeach the female officer's false testimony which left the jury blind to the perjury.

Respectfully submitted,

*[signature]*
ANDREW FULLMAN
Pro Se Plaintiff
1305 N. 15th Street, Apt. C
Philadelphia, PA 19121-4372
(610) 457-9498

Date: August 23, 2018

3

## CERTIFICATE OF SERVICE BY MAIL

I, Andrew Fullman, certify that I have this date caused service by First Class Mail, postage pre-paid, of a true and correct copy of Plaintiff, Andrew Fullman's Post-Trial Motion, on the counsel involved in this matter as follows:

Jonathan Cooper
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448

Andrew Fullman
Pro Se Plaintiff

Date: August 23, 2018