IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FULLMAN | ) | |
| | ) | No. 10-1536 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| P/O RASHEEN DICKINSON #6434, | ) | |
| | ) | |
| Defendants. | ) | |

2018 OCT -4 A 4: 19

## PLAINTIFF'S RESPONSE TO DEFENDANT POLICE OFFICER RASHEEN DICKERSON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S POST-TRIAL MOTION

Plaintiff Andrew Fullman, Pro Se., respectfully submits this Response to the Defendant, Police Officer Rasheen Dickerson's Response in Opposition to Plaintiff's Post-Trial Motion which he picked up from the United States Postal Service on or about September 17, 2018.

Plaintiff avers the defense instructed and coached a white female Philadelphia policer to intentionally commit perjury during his trial. A lying police officer contaminates a trial and should be grounds for a new trial. Plaintiff is an indigent pro se litigant and does not have the financial ability to order the transcript of his trial without assistance from this Honorable Court.

Plaintiff respectfully request the Court's permission to be excused from the requirement of Rule 7.1(e) ordering a transcript of the said trial due to his current financial situation. He was initially granted leave of court to proceed in forma pauperis.

Plaintiff avers that the trial judge erred in giving the jury clear instructions with respect to impeaching Plaintiff's deposition testimony regarding some things he had trouble remembering clearly. However, the trial judge failed to mention or clearly instruct the jury regarding impeaching the female Philadelphia police officer for knowingly committing perjury during her testimony under oath.

The trial would have had a different outcome had the trial judge given clear instructions regarding impeaching a police officer's testimony who openly and knowingly committed perjury. Trial counsel was ineffective in not noticing and bringing the perjury to the jury's attention.

The said female Philadelphia police officer (hereinafter, "female officer") knowingly testified at the trial that Plaintiff called her a "blue eye devil and a white bitch" even though she never approached the Plaintiff's car which clearly constitutes perjury. However, Officer Rasheen Dickinson testified at the trial that Plaintiff only called him a "blue eye devil." Which police officer was testifying truthfully?

1

Clearly, this would confuse a reasonable individual. The said female officer, who was in her patrol car during the entire ordeal, further testified that her partner, who is a white police officer, opened Plaintiff's car door to see how many people were in his alleged heavily tinted car on 47th and Chestnut Street, Philadelphia, PA after a brief car chase which was also perjury. There was never a car chase on April 3, 2008 as falsely testified by the female officer. In addition, the said traffic stop happened directly around the corner from Plaintiff's apartment on 51st and Chestnut Street, not 47th & Chestnut as falsely testified by the female officer which confused the jury. A reasonable person would have comprehended that the female officer was referring to Officer Dickinson being her partner when she testified that her partner opened the Plaintiff's car door. Officer Dickinson, a black police officer, initially testified that he opened Plaintiff's car door which happened after Plaintiff asked to sit in his patrol car to stay warm. How many officers opened Plaintiff's car door to see how many people were in the car? This perjury and misleading confusion should have been presented to the jury which clearly demonstrates ineffective assistance of counsel.

The female officer was allowed to commit more perjury when she falsely testified that it is the policy of the Philadelphia Police Department to record the street address on citations where a crime or car chase started which was allegedly why 51st & Chestnut Street was recorded on the said citation. The Philadelphia Police Department has no such policy. In the event there were such a policy, it would not qualify in this matter because there was never a car chase as falsely testified by the female officer. This was clear perjury which was not challenged by Plaintiff's trial counsel or the trial judge. Plaintiff was stopped on 51st & Chestnut Streets exactly as it was recorded on Plaintiff's citation for alleged illegal window tint. The traffic stop was also captured on surveillance video. For the female officer to tell the jury that the Philadelphia Police Department has a policy that requires police officers to record the location on a citation when an alleged crime or car chase begun is not only false, but confusing to a reasonable person such as a jury. Plaintiff respectfully requests that the Honorable Court criminally charge the said female officer with perjury for knowingly lying to a jury under oath. As previously stated, it can be stipulated that the Philadelphia Police Department does not have such a policy as falsely testified and describe by the female officer.

The trial judge further erred and abused his discretion by refusing any supporting medical evidence from Plaintiff's treating orthopaedic surgeon demonstrating that in his professional medical opinion, Plaintiff's left shoulder injury resulted from the police altercation on April 3, 2008. The trial was unbalanced because Plaintiff could not afford an expert to testify. Defense had an expert who also testified that Plaintiff's orthopaedic surgeon stated that his left shoulder injury was the result of his

2

altercation with a police officer on April 3, 2008. The medical evidence also demonstrated that Plaintiff had never complained of left shoulder pain prior to the April 3, 2008 personal injury by Dickinson. Medical documentation further demonstrated that Plaintiff has never complained of any left shoulder pain prior to the incident on April 3, 2008 which the defendant's expert did not dispute.

Plaintiff avers that the Court was bias towards him because of his prior lawsuits and his newly filed lawsuit. It was bias for the trial judge to refuse supporting medical evidence by a medical professional. It was further bias for the trial judge to overlook perjury by the female officer. It was even further bias for the trial judge to tell the jury to excuse Plaintiff for an emergency as he had to attend his friend funeral. The trial judge refused to ask the jury to come two (2) hours late so Plaintiff could be there for his entire trial.

Plaintiff avers that the trial judge erred in overlooking and allowing his trial counsel to commit ineffective assistance of counsel by failing to notice and/or inform the jury that the female officer knowingly and intentionally committed perjury numerous times during her testimony while under oath. In addition, trial counsel failed to impeach the female officer's false testimony which left the jury blind to the perjury which constitutes ineffective assistance of counsel.

WHEREFORE, Plaintiff prays that the Court will grant him a new trial for the reasons advanced in this Response and also excuse him from having to order the transcripts of his trial due to his current financial situation.

Respectfully submitted,

*Andrew Fullman*

ANDREW FULLMAN
Pro Se Plaintiff
810 Arch Street, Apt. 304
Philadelphia, PA 19107
(610) 457-9498

Date: October 4, 2018

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW FULLMAN | ) |
| | ) No. 10-1536 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF PHILADELPHIA, | ) |
| P/O RASHEEN DICKINSON #6434, | ) |
| | ) |
| Defendants. | ) |

### UNSWORN DECLARATION

I, Andrew Fullman, do hereby verify that the facts as set forth in the within Plaintiff's Response to Defendant Police Officer Rasheen Dickerson's Response in Opposition to Plaintiff's Post-Trial Motion which respect to his trial transcripts and current financial situation, are true and correct to the best of my personal knowledge or information and belief, and that any false statement therein are made subject to the penalties relating to unsworn falsification to authorities. *See* Title 28 Section 1746.

EXECUTED ON October 4, 2018

Andrew Fullman
Pro Se Plaintiff

4

## CERTIFICATE OF SERVICE BY MAIL

I, Andrew Fullman, certify that I have this date caused service by First Class Mail, postage pre-paid, of a true and correct copy of Plaintiff, Andrew Fullman's Response to Defendant Police Officer Rasheen Dickerson's Response in Opposition to Plaintiff's Post-Trial Motion, on the counsel involved in this matter as follows:

Jonathan Cooper
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
(*Attorney for Defendant Police Officer Rasheen Dickerson)

Andrew Fullman
Pro Se Plaintiff

Date: October 4, 2018